UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Miami Division

CASE NO.: 09-23689

ED AND JULIA LEE DORSEY,

　　　　　　　Plaintiffs,

vs.

EMPIRE INDEMNITY INSURANCE
COMPANY,

　　　　　　　Defendant.

_____/

CIV - COOKE

MAGISTRATE
BANDSTRA

FILED by ___AJS___ D.C.

DEC 1 1 2009

STEVEN M. LARIMORE
CLERK U. S. DIST. CT.
S. D. of FLA. – MIAMI

## PETITION FOR REMOVAL
## AND INCORPORATED MEMORANDUM OF LAW

**COMES NOW,** the Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, an

Oklahoma corporation, ("Empire"), through its undersigned counsel, pursuant to 28 U.S.C.

§ 1441 and §1446, and respectfully requests that this  Court remove the instant action,

Styled *Ed and Julia Lee Dorsey v. Empire Indemnity Insurance Company*, Case No. 09-

54310 CA 21, from the Circuit Court of the Eleventh Judicial Circuit, in and for Miami- Dade

County, Florida, to the United States District Court for the Southern District of Florida, and

as grounds therefore states as follows:

### GROUNDS FOR REMOVAL

1.　　　This is a civil action for damages which is presently pending in the Circuit

Court in and for Miami-Dade County, Florida.  Miami-Dade County is within the Southern

District of Florida.  Pursuant to 28 U.S.C. §1446(a), a true and correct copy the Summons,

Complaint, Defendant's Answer and Affirmative Defenses, Defendant's Interrogatories and

Defendant's Request for Production, which are all the matters presently on file in the State

Court action, are attached hereto as Composite Exhibit "A."

2.      The present action was filed by Plaintiffs in the Circuit Court for Miami-Dade County, Florida on July 20, 2009.

3.      Defendant, Empire, was served with the Complaint by Electronic Service of Process via the Florida Department of Financial Services on November 12, 2009.

4.      This is a civil action over which this Court has original diversity jurisdiction pursuant to 28 U.S.C. §1332(a)(1), and is subject to removal pursuant to 28 U.S.C. §1441(b).  This civil action is between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest, attorney's fees and costs. Specifically, the present matter is an action for breach of an insurance contract under a dwelling policy providing insurance coverage in the face amount of $96,000.  (Attached hereto as Exhibit "B" is a copy of the policy at issue.)

5.      Plaintiffs are residents of Miami-Dade County, Florida (See Complaint at ¶ 2).

6.      Defendant, Empire, is an Oklahoma corporation with its principal place of business in Omaha, Nebraska.

7.      The Complaint alleges that Plaintiffs' home sustained  "hurricane damage" on or about October 24, 2005 (See Complaint at ¶ 8).  Plaintiffs further allege that Defendant has failed to pay benefits due under the insurance policy (See Complaint at ¶ 12). The present lawsuit involves a controversy over insurance benefits in the face amount of $96,000 (See Exhibit "B").

8.      This Petition for Removal is filed within thirty (30) days from the date on which Defendant, Empire, was served, i.e., November 12, 2009.  Accordingly, this Petition is timely under 28 U.S.C. §1446(b).

9.      Defendant, Empire, consents to the removal of this action and, pursuant to

28 U.S.C. §1446(d), Defendant will give prompt notice upon filing of this Petition for Removal to all parties of record and to the Clerk of the Circuit Court for Miami-Dade County, Florida.

## MEMORANDUM OF LAW

Pursuant to the provisions of 28 U.S.C. § 1332(a)(1):

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different states . . . .

28 U.S.C. §1441 reads, in relevant part, as follows:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States to the district and division embracing the place Which such action is pending . . . .

> (b) Any civil action of which the district courts have original jurisdiction founded on a claim on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residents of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

The instant action meets all the requirements for removal for the State Court to Federal Court. This is an action between citizens of different states; the matter in controversy is in excess of this Court 's jurisdictional amount of $75,000, exclusive of interests and costs; and this Petition for Removal was timely filed. See *Murphy Brothers v. Michetti Pipe Stringing, Inc.,* 119 S. Ct. 1322 (1999). Accordingly, this action is properly removable to the United States District Court for the Southern District of Florida.

**WHEREFORE**, Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, petitions this Court for removal of this action to the United States District Court for the Southern District of Florida, and requests that such removal be hereby effectuated and that this Court take jurisdiction of this action.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail and e-mail to: Jorge L. Carbonell, Jr., Esq., Alvarez Carbonell & Gomez P.L., 2330 Ponce De Leon Boulevard, Suite 201, Coral Gables, FL 33134, this _11th_ day of December, 2009.

By: _____

Charles Andrew Tharp, Esquire
Florida Bar No.: 0746134
JOHNSON, LEITER & BELSKY, P.A.
Attorneys for Defendant
707 S.E. 3rd Avenue, Third Floor
Fort Lauderdale, Florida 33316
(954) 462-3116 - Office
(954) 761-8990 - Facsimile
ATharp@jlblaw.com

4

# EXHIBIT

# A



CORPORATION SERVICE COMPANY

# Notice of Service of Process

HL0 / ALL
Transmittal Number: 7142362
Date Processed: 11/12/2009

| | |
|---|---|
| Primary Contact: | Christopher Keith<br>Zurich North America<br>1400 American Lane<br>Tower One<br>Schaumburg, IL 60196-1056 |
| Copy of transmittal only provided to: | Courtney Elliott |

| | |
|---|---|
| Entity: | Empire Indemnity Insurance Company<br>Entity ID Number 2747028 |
| Entity Served: | Empire Indemnity Insurance Company |
| Title of Action: | Ed Dorsey vs. Empire Indemnity Insurance Company |
| Document(s) Type: | Summons/Complaint |
| Nature of Action: | Contract |
| Court: | Miami-Dade County Circuit Court, Florida |
| Case Number: | 09-54310CA21 |
| Jurisdiction Served: | Florida |
| Date Served on CSC: | 11/12/2009 |
| Answer or Appearance Due: | 20 Days |
| Originally Served On: | FL Department of Financial Services on 11/9/09 |
| How Served: | Electronic SOP |
| Sender Information: | Jorge L Carbonell Jr<br>305-444-5885 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com

**ALEX SINK**
**CHIEF FINANCIAL OFFICER**
**STATE OF FLORIDA**
Florida Department of Financial Services



09-62002

ED AND JULIA LEE DORSEY,

PLAINTIFF(S),

VS.

EMPIRE INDEMNITY
INSURANCE COMPANY,

DEFENDANT(S).

_____/

SUMMONS, COMPLAINT

CASE #: **09-54310 CA 21**
COURT: **CIRCUIT COURT**
COUNTY: **MIAMI-DADE**
DFS-SOP#: **09-62002**

## NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial
Officer of the State of Florida. Said process was received in my office by MAIL on the 9th day
of November, 2009 and a copy was forwarded by Electronic Delivery on the 12th day of
November, 2009 to the designated agent for the named entity as shown below.

EMPIRE INDEMNITY INSURANCE COMPANY
LYNETTE COLEMAN (gbarber@cscinfo.com)
CORPORATION SERVICE COMPANY
1201 HAYS STREET
TALLAHASSEE FL 32301

\* Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any
subsequent filings, pleadings or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule #1.080.

*Alex Sink*

Alex Sink
Chief Financial Officer

cc to: Plaintiff's Representative for filing in appropriate court:

JORGE L. CARBONELL, JR.
SUITE 201
2330 PONCE DE LEON BLVD.
CORAL GABLES FL 33134

TSC

| X IN THE CIRCUIT COURT OF THE 11TH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA. Q | | |
|---|---|---|
| DIVISION<br>X CIVIL<br>Q OTHER | SUMMONS | CASE NUMBER<br><br>09 - 54310 CA 21 |
| PLAINTIFF(S)<br><br>ED AND JULIA LEE DORSEY, | DEFENDANT (s)<br><br>EMPIRE INDEMNITY INSURANCE COMPANY, | CLOCK IN |

THE STATE OF FLORIDA:

To Each Sheriff of the State:

You ARE COMMANDED to serve this summons and a copy of the *Complaint* in this action on defendant:

**EMPIRE INDEMNITY INSURANCE COMPANY**
**BY AND THROUGH THE FLORIDA DEPARTMENT OF FINANCIAL SERVICES**
**200 E. GAINES STREET**
**TALLAHASSEE, FLORIDA 32399-4201**

Defendant is required to serve written defenses to the Complaint on Plaintiff's Attorney:
Alvarez Carbonell & Gomez, P.L. whose address is 2330 Ponce De Leon Blvd., Suite 201, Coral Gables, Florida 33134, Telephone No.: 305/444-5885, Telefax No.: 305/444-8986, within 20 days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the Complaint.

| CLERK OF COURTS | BY *Caroline Williams*<br>DEPUTY CLERK | DATE<br><br>OCT 2 8 2009 |
|---|---|---|

AMERICANS WITH DISABILITIES ACT OF 1990
IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT OF 1990, PERSONS NEEDING A SPECIAL ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING SHOULD CONTACT THE ASA COORDINATOR, NO LATER THAN 7 DAYS PRIOR TO THE PROCEEDINGS AT 305/375-2006 (VOICE) OF 305/375-2007 (TDD)

COURT SEAL

SERVED ON DEFENDANT
2009 NOV 12 AM 8:45
BY FLORIDA DEPARTMENT
OF FINANCIAL SERVICES

RECEIVED IN SERVICE
OF PROCESS SECTION
2009 NOV -9 AM 8:50
BY FLORIDA DEPARTMENT
OF FINANCIAL SERVICES

MIDIALALOKPEZ

IN THE CIRCUIT COURT OF THE 11th
JUDICIAL CIRCUIT IN AND FOR MIAMI-
DADE COUNTY, FLORIDA

ED AND JULIA LEE DORSEY,

Plaintiffs,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

Defendant.

_____/

GENERAL JURISDICTION DIVISION

CASE NO.: 09-54310 CA 21

FILED

JUL 20 2009

HARVEY RUVIN
CLERK

## COMPLAINT

Plaintiffs, ED AND JULIA LEE DORSEY (the "Insured"), hereby sue Defendant,

EMPIRE INDEMNITY INSURANCE COMPANY (the "Insurance Company"), and alleges as

follows:

### PARTIES, JURISDICTION & VENUE

1.    This is an action for damages that exceed Fifteen Thousand Dollars

($15,000) exclusive of interest, costs and fees.

2.    The Insured is an individual who at all times material hereto has resided in

Miami-Dade County, Florida.

3.    The Insurance Company is a Florida corporation, organized and existing

under the laws of Florida, qualified to do business in Florida, and has at all times material

hereto been conducting business in Miami-Dade County, Florida.

4.    Venue is proper in Miami-Dade County, Florida because the contract, which

forms the subject matter of this lawsuit, was executed in Miami-Dade County, Florida.

5.      All conditions precedents to the filing of this lawsuit have occurred, have been waived or have been performed.

## GENERAL ALLEGATIONS

6.      At all times material hereto, in consideration of a premium paid by the Insured, there was in full force and effect a certain homeowners insurance policy issued by the Insurance Company with a policy number of Ire550024073 (the "Policy"). The Insured after diligent search and expending all efforts to locate a copy of the Policy has not been able to do so. However, the Insurance Company must have a copy of said Policy in its possession; as such the Insured will file a copy of the Policy after the same is provided by the Insurance Company and hereby incorporate by reference said Insurance Policy.

7.      Accordingly, under the terms of the Policy, the Insurance Company agreed to provide insurance coverage to the Insured's property against certain losses.  The damaged property is located at 10485 SW 174th Terrace, Miami, Florida 33157 ("Property").

8.      On or about October 24, 2005, while the Policy was in full force and effect, the Property sustained a covered loss as a result of hurricane damage (the "Loss").

9.      The Insurance Company acknowledged coverage for the Loss as claim number 08-09925 and assigned an insurance adjuster to adjust the Loss.

10.     Accordingly, the Insurance Company inspected the Property and later denied the Insured's' claim and denied any payment to them.

2

11.     The Insured has repeatedly asked the Insurance Company to reconsider its decision. However, the Insurance Company refuses to provide neither coverage nor payment to the Insured, as they are entitled to under the Policy.

12.     To date, the Insurance Company has failed to provide neither coverage nor payment to the Insured for their losses stemming from the Loss, as their is entitled to under the Policy.

13.     The Insured has suffered and continues to suffer damages resulting from Insurance Company's breach of the Policy.

14.     The Insured has been obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to a reasonable attorneys' fee pursuant to Florida Statute Section 627.428.

## COUNT I
## BREACH OF CONTRACT

The Insured reincorporates paragraphs 1 through 14 as if fully set forth herein.

15.     It is undisputed that the Insured and the Insurance Company entered into a written contract, the Policy, wherein the Insured agreed to pay a premium and the Insurance Company agreed to insure the Insured's Property.

16.     The Insured has paid all premiums due and owing as contemplated by the Policy; thus, fully performing their obligations under the Policy.

17.     Further, at all times material hereto, the Insured has satisfied all post loss obligations accorded in the Policy, including but not limited to: (i) protecting the Property from further loss; (ii) making reasonable and necessary repairs to protect the Property.

3

Accordingly, the Insured has made diligent effort to complete reasonable repairs to the Property and has mitigated the damages sustained.

18.     As a direct and proximate result of the Insurance Company's breach of the Policy, the Insured has sustained damages.

WHEREFORE, the Insured respectfully requests that this Court enter judgment declaring that the Insurance Company wrongfully denied coverage and payment to the Insured, that the Insurance Company provide payment to the Insured for the full amount of their losses, and that this Court award the Insured their attorneys' fees and grant such further relief as this Court deems just and proper.

Dated this ____ day of July, 2009

**ALVAREZ CARBONELL & GOMEZ P.L.**
2330 Ponce De Leon Blvd., Suite 201
Coral Gables, Florida 33134
Telephone No. (305) 444-5885
Facsimile No. (305) 444-8986

By: _____
      Jorge L. Carbonell Jr. Esq.
      Florida Bar No. 0011783

4

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 09-54310 CA 21

ED AND JULIA LEE DORSEY,

                    Plaintiffs,

vs.

EMPIRE INDEMNITY INSURANCE
COMPANY,

                    Defendant.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
## EMPIRE INDEMNITY INSURANCE COMPANY

Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, by and through undersigned counsel, hereby file this their Answer and Affirmative Defenses to Plaintiffs' Complaint and in support thereof state as follows:

### ANSWER

1.     Defendant denies the allegations contained in Paragraph 1 of Plaintiffs' Complaint and demands strict proof thereof.

2.     Defendant is without knowledge as to the allegations contained in Paragraph 2 of Plaintiffs' Complaint and therefor denies same and demands strict proof thereof.

3.     Defendant denies the allegations contained in paragraph 3 of Plaintiffs' Complaint; Defendant is an Oklahoma corporation with its principal place of business in Omaha, Nebraska.

4.     Defendant denies the allegations contained in Paragraph 4 of Plaintiffs' Complaint and demands strict proof thereof.

5.    Defendant denies the allegations contained in Paragraph 5 of Plaintiffs' Complaint and demands strict proof thereof.

6.    Defendant denies the allegations contained in Paragraph 6 of Plaintiffs' Complaint and demands strict proof thereof.  Defendant admits only that they have the evidence of insurance which is the purported subject matter of the Complaint.

7.    Defendant denies the allegations contained in Paragraph 7 of Plaintiffs' Complaint and demands strict proof thereof.

8.    Defendant denies the allegations contained in Paragraph 8 of Plaintiffs' Complaint and demands strict proof thereof.

9.    Defendant denies the allegations contained in Paragraph 9 of Plaintiffs' Complaint and demands strict proof thereof.

10.    Defendant denies the allegations contained in Paragraph 10 of Plaintiffs' Complaint and demands strict proof thereof.

11.    Defendant denies the allegations contained in Paragraph 11 of Plaintiffs' Complaint and demands strict proof thereof.

12.    Defendant denies the allegations contained in Paragraph 12 of Plaintiffs' Complaint and demands strict proof thereof.

13    Defendant denies the allegations contained in Paragraph 13 of Plaintiffs' Complaint and demands strict proof thereof.

14.    Defendant denies the allegations contained in Paragraph 14 of Plaintiffs' Complaint and demands strict proof thereof.

15.    Defendant denies the allegations contained in Paragraph 15 of Plaintiffs' Complaint and demands strict proof thereof.

16.     Defendant denies the allegations contained in Paragraph 16 of Plaintiffs' Complaint and demands strict proof thereof.

17.     Defendant denies the allegations contained in Paragraph 17 of Plaintiffs' Complaint and demands strict proof thereof.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiffs' Complaint and demands strict proof thereof.

19.   Defendant denies any and all allegations contained in Plaintiffs' Complaint not specifically admitted herein.

## AFFIRMATIVE DEFENSES

20.   As a First Affirmative Defense, Defendant states that the policy of insurance at issue is subject to all of the terms, conditions, exclusions and limitations, monetary or otherwise, set forth in the insurance policy, all of which are hereby expressly invoked.

21.   As a Second Affirmative Defense, Defendant states that Plaintiffs have failed to comply with the terms and conditions of the policy of insurance, including any and all conditions precedent and therefore Plaintiffs are barred from recovery against Defendant.

22.     As a Third Affirmative Defense, Defendant states that there was no contract between the parties and therefore Plaintiffs are barred from recovery against Defendant.

23.     As a Fourth Affirmative Defense, Defendant states that Plaintiffs have failed to mitigate their damages, thereby barring recovery herein.

24.     As a Fifth Affirmative Defense, Defendant states that the Plaintiffs lack standing to bring this action as they are not a named insured under the policy of insurance.

25.     As a Sixth Affirmative Defense, Defendant states that it has completely and properly performed any and all obligations, duties and responsibilities necessary and

pursuant to any insurance which may apply.

26.    As a Seventh Affirmative Defense, Defendant states that Plaintiffs' claims are barred by the exclusionary provisions of the policy which were in full force and effect during the policy period.

27.   As an Eighth Affirmative Defense, Defendant states that if it is determined that this is a loss to which Defendant's insurance policy applies, the policy of insurance at issue is subject to all of the terms, conditions, exclusions and limitations, monetary or otherwise, set forth in the insurance policy, all of which are hereby expressly invoked.

28.   As a Ninth Affirmative Defense, Defendant states that if it is determined that this is a loss to which Defendant's insurance policy applies, it has complied with all terms, conditions, exclusions, limitations and warranties of the policy of insurance sued upon and have otherwise complied with all conditions precedent such that there is no further coverage owed for any claimed loss.

29.   As a Tenth Affirmative Defense, Defendant states that if it is determined that this is a loss to which Defendant's insurance policy applies, under the terms and provisions of the applicable policy of insurance, the loss described in the Complaint is not one within the coverage provided for by the policy.

30.   As an Eleventh Affirmative Defense, Defendant states that the Complaint does not describe the underlying claims against Defendant with sufficient particularity to enable Defendant to determine all of its defenses, including any and all defenses based upon the terms, conditions, exclusions, limits of liability or policy periods of Defendant's policy and Defendant therefore reserves it's right to assert all defenses that may be pertinent to the complaint once the precise nature of such claims is determined and discovered.

31.   As a Twelfth Affirmative Defense, Defendant states that any obligation on the

part of Defendant to provide insurance coverage for all or part of the claims made herein is subject, in all respects, to all deductibles appearing in Defendant's insurance policy.

32.    As a Thirteenth Affirmative Defense, Defendant reserves the right to amend this Answer and Affirmative Defenses to the extent that additional information becomes available through discovery in this case.

WHEREFORE, Defendant, EMPIRE INDEMNITY INSURANCE COMPANY, having answered the Plaintiffs' Complaint, move this Court to enter judgment in their favor, against the Plaintiffs, and award attorneys' fees to this Defendant pursuant to Fla. Stat. § 57.105, as there are no justiciable issues of law or fact, and such other relief as the Courts deems just and proper.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to: Jorge L. Carbonell, Jr., Esq., Alvarez Carbonell & Gomez P.L., 2330 Ponce De Leon Boulevard, Suite 201, Coral Gables, FL 33134, this _24th_ day of November, 2009.

By: _____

Charles Andrew Tharp, Esquire
Florida Bar No.: 0746134
JOHNSON, LEITER & BELSKY, P.A.
Attorneys for Defendant
707 S.E. 3rd Avenue, Third Floor
Fort Lauderdale, Florida 33316
(954) 462-3116 - Office
(954) 761-8990 - Facsimile
Atharp@jlblaw.com

5

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE   COUNTY,   FLORIDA

CASE NO.: 09-54310 CA 21

ED AND JULIA LEE DORSEY,

          Plaintiffs,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

          Defendant.

_____/

## NOTICE OF SERVICE OF FIRST INTERROGATORIES TO PLAINTIFFS
## BY DEFENDANT EMPIRE INDEMNITY INSURANCE COMPANY

Pursuant to the applicable Rules of the Florida Rules of Civil Procedure, Defendant,

EMPIRE INDEMNITY INSURANCE COMPANY, files this Notice of Service of

Interrogatories to Plaintiffs to be answered in writing, under oath, within your knowledge

or the knowledge of your agent(s) or attorney(s) and within the time provided by and in

accordance with said Rules.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to: Jorge L. Carbonell, Jr., Esq., Alvarez Carbonell & Gomez P.L., 2330 Ponce De Leon Boulevard, Suite 201, Coral Gables, FL 33134, this 24th day of November, 2009.

By: _____

Charles Andrew Tharp, Esquire
Florida Bar No. 0746134
JOHNSON, LEITER & BELSKY, P.A.
Attorneys for Defendant
707 S.E. 3rd Avenue, Third Floor
Fort Lauderdale, Florida 33316
(954) 462-3116 - Office
(954) 761-8990 - Facsimile
TharpC@StephensLynn.com

## DEFINITIONS

**IDENTIFY:**

a.  As it pertains to a person, provide that person's name, address, date of birth, telephone number, Social Security Number and drivers license number.

b.  As it pertains to a non-person (such as a business or corporation), provide the name of the entity, its address, and telephone number.

c.  As it pertains to a DOCUMENT, provide the author, all recipients, date, and summary of its contents.

**DOCUMENT:**

All tangible and intangible recorded materials in any form (including but not limited to paper, digital, electronic, photographic, video, computer), to include but not be limited to all written, printed, typed, photocopied, scanned, digitally recorded, audio, video, photographic matter in the form of letters, handwritten notes, emails, electronic communications, records, telegrams, tapes, cds, dvds, memory chips, memoranda, reports, studies, calendars, minutes, pamphlets, notes, charts, tabulations, records of meetings, conferences, telephone calls, written, printed, typed, copied, recorded, digital or graphic matter, photographic matter, and sound reproduction of tapes or other devices, however produced or reproduced, in the actual or constructive possession, custody, or control of the party or party's representative, which documents include, but are not limited to, letters, telegrams, memoranda, reports, studies, calendars of daily entries, minutes, pamphlets, notes, charts, tabulations, and records of meetings, conferences, and telephone or other conversations or communications, electronic communications, e-mails, facsimiles.

## INTERROGATORIES

1.    Please state the name of the person responding to these interrogatories including your current address, and, if applicable, the person's official position or relationship with the party to whom the interrogatories are directed.

2.    Please state the name of the owner of the property located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida  and the name of the current resident at the property.

3.    Please state the name of the mortgagee, if any, of the property located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida, and list the parties to the mortgage.

4.    Please list the damages you are seeking in this claim and provide the basis for any calculation of the damages as well as what benefits you believe are due and owing under the subject insurance policy.

5.    Please list any and all insurance claims you have made for any damages of any kind to the property located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida since your time of ownership of the property. Please include any past, present, or pending claims other than the present lawsuit, please describe the circumstances of that claim, whether any repair or renovations were performed, and the total value of the damage.

6.    Please state with specificity any and all repairs and/or renovations you have made to the premises located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida since your time of ownership of the property and set forth with specificity the repair and/or renovation made, the cost for any said repair and/or renovations, when the repair and/or renovation occurred, and the person who provided the services, if any.

7.    Please provide the name of the surveyor for the property at the time you purchased same.

8.  Please state whether or not you obtained any architectural and/or engineering reports at the time you purchased the property located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida.

9.  Please provide the name of the inspector who performed the inspection of the property prior to your closing on the property located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida.

10. Please list any and all contractors, sub-contractors, design professionals, engineers, or other such persons who have performed any work on your home other than those requested in interrogatory 6, and including those who performed work on the property following the subject insurance claim and please identify the nature of the work performed, the cost for the work, and when the work occurred.

11. Please state when you first gave notice of your claim to Empire Indemnity Insurance Company and/or ZC Sterling Insurance Agency, Inc.

12. Please state if you have ever been a party, either Plaintiff or Defendant in a lawsuit other than the present matter, including but not limited to any bankruptcy or foreclosure proceedings and if so, state whether you were a Plaintiff or Defendant, the nature of the action, and the date and the Court in which the lawsuit was filed.

13. Please list the names and addresses of all persons, including but not limited to, neighbors, friends, co-workers, family, who are believed or known by you, your agents, or your attorneys to have any knowledge concerning any issues in this lawsuit including but not limited to the damages to the subject residential real property at issue in this lawsuit; and specify the subject matter about which the witness or person has knowledge.

14.     Please state when you purchased the property located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida and please list and state the names of any real estate agents or brokers, and their addresses, and the dates that you contracted or signed agreements with them for the purchase of the subject property.

15.     Please state the name, address and telephone number of the seller of the subject property located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida.

16.     Please state whether there are any mortgages, encumbrances or liens on the residential real property located at 10485 S.W. 174th Terrace, Miami, FL 33157, Miami-Dade County, Florida and if so, please state the holder on any such mortgage, encumbrances or lien and the amount for which there is a lien against the property.

17.  Please state whether there are any other insurance policies issued to you that have covered or may cover the loss at issue in this lawsuit; and if so, please list the name of the insurance carrier and policy number.

_____

AFFIANT

BEFORE ME, the undersigned authority, personally appeared _____

_____, after being duly sworn, deposes and says that the foregoing answers to

interrogatories are true and correct in all respects.

SWORN TO AND SUBSCRIBED before me by _____ who is

personally known to me or who has presented _____

as identification this _____ day of _____, 2009.

_____

NOTARY PUBLIC, STATE OF

My commission expires:



IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 09-54310 CA 21

ED AND JULIA LEE DORSEY,

        Plaintiffs,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

        Defendant.

_____/

## FIRST REQUEST FOR PRODUCTION TO PLAINTIFFS OF
## DEFENDANT EMPIRE INDEMNITY INSURANCE COMPANY

Defendant, EMPIRE INDEMNITY INSURANCE COMPANY (hereinafter

referred to as "Defendant"), by and through its undersigned counsel, and under Florida

Rule of Civil Procedure 1.350 requests the Plaintiffs, ED and JULIA LEE DORSEY, to

produce for inspection and/or copying at the offices of the undersigned within thirty (30)

days the following:

### Definitions

The terms, "document" and "documentation," are defined, in addition to their

common meanings, as the original or any copy, excerpt, photocopy, or facsimile of all

written, printed, typed, recorded, or graphic matter, photographic matter, and sound

reproduction of tapes or other devices, however produced or reproduced, in the actual or

constructive possession, custody, or control of the party or party's representative, which

documents include, but are not limited to, letters, telegrams, memoranda, reports, studies,

calendars of daily entries, minutes, pamphlets, notes, charts, tabulations, and records of

meetings, conferences, and telephone or other conversations or communications.

The term, "you," means the person(s), corporation(s), or other entities to which this Request is directed.

The term, "correspondence," means any letter, memorandum, note, on paper or stored electronically, reflecting or constituting a communication between two (2) people or among more than two (2) people.

The documents and documentation to be produced are:

Please See Attached Exhibit "A".

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via U.S. Mail to: Jorge L. Carbonell, Jr., Esq., Alvarez Carbonell & Gomez P.L., 2330 Ponce De Leon Boulevard, Suite 201, Coral Gables, FL 33134, this 24th day of November, 2009.

By: _____
Charles Andrew Tharp, Esquire
Florida Bar No.: 0746134
JOHNSON, LEITER & BELSKY, P.A.
Attorneys for Defendant
707 S.E. 3rd Avenue, Third Floor
Fort Lauderdale, Florida 33316
(954) 462-3116 - Office
(954) 761-8990 - Facsimile
TharpC@StephensLynn.com

EXHIBIT "A"

1.  Copies of any and all letters, correspondences, documents, and/or notes of any kind that you exchanged with Defendant with regard to your insurance policy and the subject insurance claim.

2.  Copies of any and all insurance policies that you had or currently have on the property which is the subject of the insurance claim.

3.  Copies of any and all letters, correspondences, documents, and/or notes of any kind that you exchanged with ZC Sterling Insurance Agency, Inc. with regard to your insurance policy and the subject insurance claim.

4.  Copies of any and all documents setting forth your claim for damages in this lawsuit including but not limited to documents showing repairs, renovations or other work performed on the property which is the subject of the insurance claim.

5.  Copies of any and all estimates, appraisals or other documents evidencing an inspection of the property which is the subject of the insurance claim.

6.  Copies of the contract for purchase and sale of the property which is the subject of the insurance claim.

7.  Copies of any and all loans or mortgage documents for the property which is the subject of the insurance claim.

8.  Copies of any and all inspection reports and appraisals performed in anticipation of Plaintiff's purchase of the property which is the subject of the insurance claim.

9.  Copies of any and all estimates, proposals contracts or other documents concerning repair or renovation work to be performed on the property which is the subject of the insurance claim at any time while you owned the property.

10. Copies of any and all receipts, invoices, checks or other documents evidencing payment concerning repair or renovation work performed on the property which is the subject of the insurance claim at any time while you owned the property.

11. Copies of any and all building permits, code variances or other documents to or from governmental/municipal authorities related to regulations applied for or complied with concerning renovations and repairs to the property which is the subject of the insurance claim.

12. Copies of any and all documents exchanged with architects or engineers concerning repairs and renovations to the property which is the subject of the insurance claim.

13. Copies of any rental leases on the property which is the subject of the insurance claim.

14. Any and all photographs or videos taken of the property prior to the discovery of the alleged damage.

15. Any and all photographs or videos taken of the property following the discovery of the alleged damage.

16. Copies of any and all documents that support your claim in the Complaint.

17. Any and all documents not otherwise produced in this matter that support your damage calculations.

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

CASE NO.: 09-54310 CA 21

ED AND JULIA LEE DORSEY,

                    Plaintiffs,

vs.

EMPIRE INDEMNITY INSURANCE
COMPANY,

                    Defendant.

_____/

## NOTICE OF FILING PETITION FOR REMOVAL

      Please take notice that pursuant to 28 U.S.C. §1441, Defendant, EMPIRE INDEMNITY INSURANCE CORPORATION, filed a Petition for Removal of this action from this Court to the United States District Court for the Southern District of Florida on December 11, 2009. A copy of said Petition for Removal is attached hereto (without exhibits).

Dated: December 11, 2009.      By:  _____

                                        Charles Andrew Tharp, Esquire
                                        Florida Bar No.: 0746134

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was furnished

via U.S. Mail and e-mail to: Jorge L. Carbonell, Jr., Esq., Alvarez Carbonell & Gomez P.L.,

2330 Ponce De Leon Boulevard, Suite 201, Coral Gables, FL 33134, this 11th day of

~~November,~~ 2009.

December

By: _____

Charles Andrew Tharp, Esquire
Florida Bar No.: 0746134
JOHNSON, LEITER & BELSKY, P.A.
Attorneys for Defendant
707 S.E. 3rd Avenue, Third Floor
Fort Lauderdale, Florida 33316
(954) 462-3116 - Office
(954) 761-8990 - Facsimile
ATharp@jlblaw.com

2

# EXHIBIT

# B

**Empire Indemnity Insurance Company**
13810 FNB Parkway
Omaha, NE 68154-5202

**Toll Free Customer Service: 1-800-278-9939**
P.O. BOX 949, ORANGE, CA 92856-6949

## Additional Named Insured Certificate

LOAN NUMBER:  1771765

**ADDITIONAL NAMED INSURED**
ED DORSEY
JULIA LEE DORSEY
10485 SW 174TH TER
MIAMI FL 33157-4157

**NAMED INSURED MORTGAGEE**
OPTION ONE MORTGAGE CORPORATION
ITS SUCCESSORS AND/OR ASSIGNS
P.O. BOX 949
ORANGE, CA 92856-6949

| | Amount of Insurance | Annual Premium |
|---|---|---|
| POLICY NUMBER LRE550024073 | Dwelling | $ 96,000 | $ 2,304.00 |

| POLICY NUMBER LRE550024073 | Dwelling | $ 96,000 | $ 2,304.00 |
|---|---|---|---|
| **POLICY TERM:** | Personal Property Endorsement | $ 0.00 | $ 0.00 |
| FROM  10/11/05      TO  10/11/06 | Additional Living Expense Endorsement | $ 0.00 | $ 0.00 |
| | Other Endorsements | | $ 0.00 |
| ☐ NOON      ☒ 12:01am | Deductible - per loss | | |
| | Hurricane          Greater Of $2,000 Or 2% Of Coverage Amount | | |
| | Vandalism & Malicious Mischief | | |
| **DESCRIBED LOCATION** | Property is VACANT at time of loss | $ 1,000 | |
| 10485 SW 174TH TERRACE | Property is NOT VACANT at time of loss | $ 1,000 | |
| MIAMI FL 33157 | All Other covered Losses | $ 500 | |

| | Limit of Liability | Annual Premium |
|---|---|---|
| **ENDORSEMENTS** ATTACHED AND FORMING A PART OF THE POLICY | Personal Liability Endorsement | $ 0.00 | $ 0.00 |
| RP1182 (0101),RP1200 (0397),RP1201 (0397),RP1509 (0397), RP1609 (0397),RP2000 (1001),RP1909 (0505) | Medical Payments | $ 0.00 | |
| | SURPLUS LINES TAX | 5.00 % | $ 00115.20 |
| | SERVICE FEE | | $ 005.76 |
| | CITIZENS HRA ASSESSMENT | 6.84 % | $ 0.00 |
| | ANNUAL TOTAL CHARGES | | $ 2,424.96 |

**Personal Property and Personal Liability Coverages** – If an amount of Insurance and a premium charge are shown above for this coverage, we will cover your personal property in the Dwelling against the perils specified in the Personal Property Endorsement. If a Limit of Liability and a premium charge is shown for this coverage, we will also cover your personal liability. Please refer to the applicable endorsement for a description of the type and scope of coverage provided. These endorsements are available only for a residence that is owner occupied. **These coverages are void if the residence is vacant or occupied by someone other than the Additional Named Insured shown above.**

**DEDUCTIBLES:** Please refer to the deductibles shown for the coverages provided by this policy.

# THIS POLICY CONTAINS A SEPARATE DEDUCTIBLE FOR HURRICANE LOSSES, WHICH MAY RESULT IN HIGH OUT-OF-POCKET EXPENSES TO YOU.

THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW. PERSONS INSURED BY SURPLUS LINES CARRIERS DO NOT HAVE THE PROTECTION OF THE FLORIDA INSURANCE GUARANTY ACT TO THE EXTENT OF ANY RIGHT OF RECOVERY FOR THE OBLIGATION OF AN INSOLVENT UNLICENSED INSURER.

To report a claim, please contact our Claim Department at 1-800-824-8562
or, you may report a new claim using our website at www.zcsclaims.com

**For Customer Service questions, please call our toll free Customer Service Number at:
1-800-278-9939**

Countersignature: *Michael C. Seminario*

Producing Agent:
Michael C. Seminario, License Number A238341
ZC Sterling Insurance Agency, Inc.
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

Surplus Lines Agent:
Michael C. Seminario, License Number A238341
8655 Baypine Road, Building 6
Jacksonville, FL 32256-7309

Subject to the terms and provisions of the Mortgage Service Program, Residential Property Mortgagee's Policy, including but not limited to the Dwelling Coverage Form attached hereto, it is agreed that the insurance applies to the property described above and to any person shown as an Additional Named Insured with respect to such property, subject to the following additional provisions:

(a) The above Named Insured Mortgagee is authorized to act for such Additional Named Insured(s) in all matters pertaining to this insurance including receipt of Notice of Cancellation; and return premium, if any.
(b) The above Named Insured Mortgagee is authorized to advance all funds to be recovered from the Additional Named Insured for the insurance afforded.
(c) Loss, if any, shall be adjusted with and payable to the above Named Insured Mortgagee and the Additional Named Insured as their interest may appear, either by a single instrument so worded or by separate instruments payable respectively to the Named Insured Mortgagee and the Additional Named Insured, at the company's option.

**JS 44** (Rev. 11/05)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.) **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

ED AND JULIA LEE DORSEY

**09-23689**

### DEFENDANTS

EMPIRE INDEMNITY INSURANCE COMPANY

(b) County of Residence of First Listed Plaintiff    Dade
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant    Oklahoma/Nebraska
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT
LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

CIV-COOKE

Jorge L. Carbonell, Jr., Esq.
Alvarez Carbonell & Gomez, P.L.
2330 Ponce de Leon Boulevard, Suite 201
Coral Gables, FL 33134    305-444-5885 (Tele.)

MAGISTRATE
BANDSTRA

Attorneys (If Known)

R. Andrew Tharp, Esq.

FILED by ___ATS___ D.C.

DEC 11 2009

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. of FLA. — MIAMI

(d) Check County Where Action Arose: ☑ MIAMI-DADE   ☐ MONROE   ☐ BROWARD   ☐ PALM BEACH   ☐ MARTIN   ☐ ST. LUCIE   ☐ INDIAN RIVER   ☐ OKEECHOBEE   HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

09-23689 - Cooke/Bandstra

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☑ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☑ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☑ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

## V. ORIGIN (Place an "X" in One Box Only)

☐ 1 Original Proceeding
☑ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S)
(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE

DOCKET NUMBER

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

28 U.S.C. § 1332 and 28 U.S.C. § 1441   Plaintiff seeks to recover alleged hurricane damages under an insurance Contract

LENGTH OF TRIAL via **3** days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $**
Payment of hurricane losses

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☐ Yes ☑ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE    12.8.09

FOR OFFICE USE ONLY

AMOUNT $350·    RECEIPT # 1013443

12/11/09